UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN M. McFARLAND and CHERYL C. McFARLAND, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE RESOURCE CORPORATION, a foreign corporation, et al.,<br><br>Defendants. | No. C04-523Z<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Court GRANTS IN PART Defendant Mongan's Motion in Limine, docket no. 154, in relation to witnesses Plaintiffs would like to call at trial. The Court ORDERS that Plaintiffs are barred from calling the following witnesses at trial pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37(c)(1): Keith Schmidt; Michelle McDonald; James Reese; Lisa Atamian; and Laurie Sundby.

Fed. R. Civ. P. 26(a) requires parties to provide to other parties, without awaiting a discovery request, the name, address, and telephone number of all individuals likely to have discovery information that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Where a party fails to disclose such information pursuant to Fed. R. Civ. P. 26(a) without substantial justification, or unless such failure is harmless, that party is not permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. Fed. R. Civ. P. 37(c)(1).

Plaintiffs did not properly disclose the names, addresses, and telephone numbers for the above-mentioned witnesses pursuant to Fed. R. Civ. P. 26(a). Further, Plaintiffs have not shown substantial justification for not disclosing the witnesses. Defendant Mongan was first added as a party to this case on February 23, 2005. Second Amended Complaint, docket no. 64. Defendant Mongan has been represented by attorney Joseph Hochman ("Hochman") since March 1, 2005. Notice of Appearance, docket no. 68. Plaintiffs never served

MINUTE ORDER 1–

Defendant Mongan or Hochman directly with a Rule 26(a) disclosure. Plaintiffs claim they had previously served attorney Douglas Titus ("Titus"), counsel for previous Defendant Mortgage Resources Corp., with the disclosures. Even that disclosure, however, did not include all of the witnesses that Plaintiffs now want to call at trial. Keith Schmidt and Michelle McDonald were not listed in the disclosure to Titus. Additionally, Titus at no time ever appeared as an attorney for Defendant Mongan. Titus withdrew as counsel for all Defendants and no longer had any involvement with this case as of April 27, 2005. Notice of Withdrawal of Counsel, docket no. 77.

Further, allowing Plaintiffs to call the non-disclosed witnesses would not present harmless error. Defendant Mongan would be unduly burdened with discovery at this late juncture when trial is set in less than a month. Defendant Mongan's health also precludes extending the trial deadline without imposing an undue burden.

(2) Defendant Mongan's Second Motion for a Protective Order and to Quash Subpoenas, docket no. 156, is DENIED IN PART. During the Status Conference held on November 10, 2005, the Court tentatively ruled that Plaintiffs may take perpetuation depositions via telephone of Angela Focareto and Joe Manning and that the Court will later determine whether the witnesses may testify at trial. These witnesses were possibly unknown to Plaintiffs before the discovery deadline. The Court confirms its preliminary ruling and will allow telephone perpetuation depositions to be taken within the next ten (10) days and DEFERS a ruling as to whether witnesses Angela Focareto and/or Joe Manning will be permitted to testify at trial.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 15th day of November, 2005.

BRUCE RIFKIN, Clerk

By <u>s/ Casey Condon</u>
Casey Condon
Deputy Clerk

MINUTE ORDER  2–